DANIEL M HUYNH
899 N 12TH ST
SAN JOSE, CA 95112
(408)569-3932
(623)289-1668
Daniel.huynh.m@gmail.com
Plaintiff In Pro Per

FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 1 0 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL M HUYNH,<br><br>Plaintiff,<br><br>vs.<br><br>Charles P. Rettig, Commissioner<br>Paul Harper, RO Manager<br>Kelly Irving, Revenue Officer<br>Defendant(s) | Case No.:  CV-20-306-PHX-DJH<br><br>COMPLAINT FOR INJUNCTIVE<br>RELIFE RELIEF |

- PARTIES, JURISDICTION AND VENUE

1

- At all times relevant hereto, Daniel Huynh is a Chief Financial Officer at PT Noodles Holdings Inc, An Arizona Corporation.

- The defendants, Charles P. Rettig, the Commissioner of Internal Revenue Service, Paul Harper, Revenue Officer Manager, and Kelly Irving, Revenue Officer.

- Subject matter jurisdiction in this matter is proper based on the Federal Tort Claim Act.

- Venue of this matter is proper in the United State District Court for the District of Arizona, pursuant to 28 U.S.C §1391(a), as substantial part of the events or omissions giving rise to the claim set forth herein occurred in this judicial district.

- FACTS

  - PT Noodles Holdings and its subsidiary owe employment taxes for the fourth, first, second and third quarter of 2018 and 2019. Ms. Kelly Irving was assigned as collection officer on behalf of Mr. Charles P. Rettig, ("The Commissioner").

  - In July 2019, Ms. Kelly Irving met with Plaintiff for Trust Fund Recovery interview required under the Internal Revenue Code.

2

Ms. Kelly interview every executive at PT Noodles Holdings and completed her Trust Fund Recovery Interview.

- Ms. Kelly could have been able to locate all PT Noodles Holdings assets, and she appropriately imposed Trust Fund Recovery assessment on appropriate executive.

- PT Noodles Holdings has been paying taxes for the Fourth 2019 to current.

- In October 2019, on behalf of PT Noodles Holdings INC, Plaintiff made a request for installment, but Defendant denied Plaintiff's request because according Defendant, Plaintiff has not demonstrated an ability to pay. Defendant issued levy to PT Noodles Holdings Bank and Merchant Card Provider. Plaintiff appealed the levy and the Office of Appeal concluded that the Levy was inappropriate.

- According to the Office of Appeal, if Defendant found PT Noodles Holdings Inc not able to pay, then Defendant should place the PT Noodles Holdings on uncollectible status. Defendant refused to do so.

- Defendant has levied PT Noodles Holdings multiple times;

however, the Office of Appeal has determined that all levies were inappropriate. Defendant levies have futher cause interrupted PT Noodles Holdings business and increase costs. For example, in September 2019, Defendant issued levies to Chase Bank and Square Merchant Card, causing fund withheld for two weeks. During the fund withheld, PT Noodles Holdings had to borrowed high interest loan to pay its employees and vendor. PT Noodles Holdings borrowed $60,000, but paid over $80,000 to lender. The Office of Appeal concluded that levy was inappropriate and defendant released the levy.

- On January 17, Defendant faxed plaintiff another request stating that plaintiff must send defendant Year End for 2019, list of lenders, and list of property. Plaintiff had sent defendant list of lenders on January 15, 2020, while list of property was sent to Defendant in July 2019. Defendant knew that PT Noodles Holdings would receive year-end statements from lenders for book consolidation by the end of January 2020; defendant is aware that due for PT Noodles Holdings to file its income tax is March 15, 2020. Defendants knew that PT

Noodles Holdings Inc tax return will be based on the financial statement. However, Defendants requested the year-end financial statement submitted to Defendant on Janurary 24, 2020. Defendant knew and certainly knew that Plaintiff would not be able to produce the financial statements by January 24, 2020 for the above reason.

- The Year 2019 Financial Statement shows that PT Noodles Holdings occurred loss of $366,282.58. Defendant does not agree with this number, and she issued a levy with an approval of Paul Harper. According to her manager Paul Harper, because PT Noodles Holdings incurred loss, it should not be in business. Therefore, Defendant will continue to levy PT Noodles Holdings.

- Plaintiff has appealed the levy. Defendant sent out an email on January 29, 2020 suggested Plaintiff to make up number to show that PT Noodles Holdings profitable, then defendant would enter into an installment agreement with PT Noodles Holdings. Defendant notified Plaintiff that Defendant would not accept the financial statement because it shows losses.

Plaintiff objected defendant's conclusion because Plaintiff will file 2019 tax return based on the financial statement and if defendant does not agree with the financial statement, defendant can fullly open an audit to 2019 financial report. Defendant has refused to answer plaintiff's objection.

- Defendants told plaintiff that until Plaintiff produce false document to show PT Noodles Holdings Inc profitable, Defedants will continue levying PT Noodles Holdings Bank accounts and merchants until PT Noodles Holdings shut down all of its restaurants.

- Defendants has issued levy to PT Noodles Holdings bank and merchant card on January 28, 2020.

- Ms. Kelly Irving and Paul Harper do not have disrete decision making

  - Ms. Irving and Mr. Harper are strictly required to follow the Internal Revenue Manual. According to the Treasury Department, the IRS Internal Revenue Manual is the official source of instructions to IRS personnel relating to the organization, administration and operation of the IRS. The IRM contains directions IRS employees need to carry out their

responsibilities in administering IRS obligations, such as detailed procedures for processing and examining tax returns. In Internal Revenue Service also states that the IRM is the primary, official source of "instruction to staff" that related to the administration and operation of the IRS. It details the policies, delegations of authorities, procedures, instructions and guidelines for daily operations for all IRS organizations. The IRM ensures that employees have the approved policy and guidance they need to carry out their responsibilities in administering the tax laws or other agency obligations.

- Part 5 of the IRM provides guidance to Ms. Irving detailed procedures for collection process.

- Deviation from Part 5 of the IRM

  - On November 20, 2019, Ms. Irving denied PT Noodles Holdings proposal for installment agreement of $3000 per month according to Ms. Irving, PT Noodles Holdings did provide any basis for $3000. At that moment, the interim financial statement showed a loss.

  - Ms. Irving then wait for year end and requested the year end

2019 profit and loss statement. Plaintiff provided Ms. Irving 2019 profit and loss statement showing a loss. Plaintiff continued to propose an installment of $3000 per month; however, Ms. Irving denied Plaintiff's proposal because again according to Ms. Irving PT Noodles Holdings had showed no basis for the $3000 per month.

- According to Defendant's conclusion, PT Noodles Holdings is qualified for Currently Not Collectible under the IRM 5.16.1. However, Defendant refused to follow IRM 5.16.1, and issued levy because PT Noodles Holdings has not demonstrated a profitable business. Mr. Harper affirmed the levy because year-end financial statement showing a loss.

- Defendant left Plaintiff two choices, either make up the number to show profit, then enter into installment agreement or Defendant continue to levy.

- FIDUCIARY TO PT NOODLES HOLDINGS

  - Plaintiff is an officer at PT Noodles Holdings; therefore, plaintiff owe ultimate duty of loyalty and duty of care to PT Noodles Holdings Inc.

8

- Defendant forced plaintiff to make up a number, which does not truly reflect the financial situation of PT Noodles Holdings, in order to gain an installment agreement with the IRS would cause Plaintiff to violate duty of care to PT Noodles Holdings Inc.,

- Between Not Currently Collectible status and Installment agreement, the Not Currently Collectible status is more advantageous for PT Noodles Holdings because the IRS would not pursue collection against PT Noodles Holdings until it becomes collectible again. However, Ms. Irving has denied the Not Currently Collectible status and forced Plaintiff to enter an installment agreement with the IRS. Ms. Irving has forced Plaintiff to violate its duty of loyalty to the PT Noodles Holdings.

- Because Plaintiff has refused to provide false number of financial status, Ms. Irving issued levy until Plaintiff provide "a basis for installment." Defendant caused Plaintiff to violate duty of care to PT Noodles Holdings when Defendant levied PT Noodles Holdings.

- PLAINTIFF DUTY TO THE INTERNAL REVENUE SERVICE

  - Plaintiff is a tax practitioner under Circular 230. Plaintiff has duty to provide truth and correct information to the IRS for the purpose of tax administration. When Mr. Irving and Mr. Harper forced plaintiff to provide untruth information in exchange for a release of levy and installment agreement, Plaintiff has violated his duty to the IRS.

- IRRAPABLE HARM TO PLAINTIFF

  - If plaintiff provides false information to Ms. Irving and Mr. Harper, Ms. Irving would not levy PT Noodles Holdings and enter into an installment agreement with PT Noodles Holdings, however plaintiff will violate duty of loyalty and duty of care to PT Noodles Holdings under Arizona Corporation law. Plaintiff will violate its duty to IRS under Circular 230.

  - If plaintiff does not provide false information Ms. Irving and Mr. Harper, Ms. Irving will continue levying PT Noodles Holdings causing tremendous disruption in business and costs. Plaintiff has still violated his duty of care to PT Noodles Holdings for letting the IRS levying PT Noodles Holdings.

- Plaintiff has no option but is forced to resign from his position.

- PRAYER FOR RELIEF

    WHEREFORE, plaintiff prays for the following relief:

    - That the Court award plaintiff judgement against defendants, relieve Plaintiff from committing violation of his duty of care and duty of loyalty to PT Noodles Holdings;

    - That the Court award plaintiff her costs, disbursements and reasonable attorney's fee (if applicable).

    - That the Court award plaintiff the opportunity to amend or modify the provisions of this complaint as necessary or approximate after additional or further discovery is completed this matter, and after all appropriate parties have been served; and

    - That the Court award such other and further relief as it deems necessary and proper in the circumstances.

11

DANIEL HUYNH
Plaintiff in Pro Per