WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M Huynh,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-20-00306-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 15). Plaintiff filed a Response (Doc. 19), and Defendant filed its Reply (Doc. 20). The matter is fully briefed.

**I.   Background**

   *a. The Factual Allegations*

As alleged in the First Amended Complaint ("FAC"), *pro se* Plaintiff Daniel Huynh was the Chief Financial Officer of PT Noodles Holdings Inc. ("PT Noodles"). (Doc. 14 at ¶ 5). As CFO, Mr. Huynh represented PT Noodles in negotiations with the Internal Revenue Service ("IRS") to pay the company's taxes from 2018 and 2019. (*Id.* at ¶ 6). Mr. Huynh had proposed an installment agreement, whereby PT Noodles would pay the taxes over time. (*Id.* at ¶ 10). But the IRS rejected his proposal because he had not produced documentation showing PT Noodles was profitable enough to pay the installments. (*Id.* at ¶ 18). As Mr. Huynh alleges, IRS wanted documentation that would not "truly reflect the financial situation of PT Noodles." (*Id.* at ¶ 25). Having declined Mr.

1 Huynh's proposal, the IRS issued levies on PT Noodles' assets to secure payment. (*Id.* at
2 ¶ 10). Faced with this financial predicament, Mr. Huynh asserts that the IRS "forced" him
3 to "make up a number . . . in order to gain an installment agreement." (*Id.* at ¶ 25). This
4 left Mr. Huynh "no option but . . . to resign from his position." (*Id.* at ¶ 32). He seeks
5 $150,000 in damages and an order from this Court to "relieve Plaintiff from committing
6 violation of his duty of care and duty of loyalty to PT Noodles Holdings." (*Id.* at 13).

   b. *The Nature of Plaintiff's Legal Claims*

  Because the FAC does not clearly state its legal claims, the Court must liberally construe them, as it does with all *pro se* filings. *See Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Of course, as a *pro se* party, Mr. Huynh may only bring claims for himself. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *see* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Accordingly, the Court will not construe the pleadings as claims brought on PT Noodles' behalf.

  Mr. Huynh, as indicated by the FAC's caption, brings two claims: "Economic Injury Under the Federal Tort Claim [sic] Act and Violation of the Plaintiff's First Amendment." (Doc. 14 at 1). The FAC does not specify which claims fall under the general Federal Tort Claims Act ("FTCA") claim. It seems the FAC claims some injury stemming from when the IRS allegedly forced Mr. Huynh to violate his duty of loyalty and care to PT Noodles. (*Id.* at ¶ 30). Liberally construed, this appears to be a claim for tortious interference with contract. Next, the FAC's First Amendment claim alleges the IRS compelled him to show a profit and thereby violated Mr. Huynh's right to free speech. (*Id.* at ¶¶ 26, 29). Again, whether the First Amendment claim is brought under the FTCA or another vehicle, the FAC does not say. However, for purposes of this Motion, the Court finds the claims are sufficiently defined to issue this Order.

/ / /

## II. Legal Standards

Defendant moves to dismiss the entire FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 15 at 1). A party bringing a motion under Rule 12(b)(1) asserts that the court lacks subject-matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011).

Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In other words, while courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. Discussion

Defendant's Motion argues that it is immune from the FAC's FTCA claims and that the FAC makes no plausible First Amendment claim. (Doc. 15 at 7, 14). For the following reasons, the Court will grant Defendant's Motion and dismiss the FAC.

### a. FTCA Claim

Normally, courts do not have jurisdiction over cases against the United States because the government is immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). However, "[w]hen the United States consents to be sued, the terms of its waiver of

sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). Through the FTCA, Congress waived the United States' immunity in certain instances. 28 U.S.C. § 2679. Defendant argues in this instance, an FTCA exception maintains its immunity.

Under the FTCA, the United States maintains immunity in cases "arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). Defendant argues that this exception applies because the claim arises from the IRS's collection of taxes from PT Noodles. (Doc. 15 at 8). Mr. Huynh argues the FTCA exception does not apply because this action does not arise from a "tax dispute." (Doc. 19 at 8).

The Ninth Circuit broadly construes § 2680(c) to cover tax assessment and collection efforts, as well as actions related to those efforts. *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017). This provision, however, is not limitless, and the IRS may be held liable in actions that do not relate to tax assessment and collection. *Id.* at 1158. For example, the Ninth Circuit has found § 2680(c) prevented a claim that "IRS agents wrongfully told [a plaintiff's] creditors of his purported tax liability during an audit of his business." *Snyder*, 859 F.3d at 1157 (citing *Morris v. United States*, 521 F.2d 872 (9th Cir. 1975)). The court found that the agents' discussions were sufficiently related to tax collection efforts such that § 2680(c) applied. *Morris*, 521 F.2d at 874. On the other end of the spectrum, in *Snyder*, the court held the IRS was not immune from suit on claims related to an IRS "criminal sting operation" aimed at detecting tax evasion. *Snyder*, 859 F.3d at 1158. This activity, the court held, was sufficiently distinct from tax assessment and collection efforts such that § 2680(c) did not apply. *Id.* at 1159.

Here, the Court finds that § 2680(c) applies. The alleged injury is clearly related to the IRS's efforts to collect PT Noodle's taxes. Whether Mr. Huynh disputes the taxes or not is irrelevant. What is relevant is the fact that the claim arises from the IRS's collection of financial information from PT Noodles for use in the collection of taxes. (Doc. 14 at ¶ 23). Because § 2680(c) applies, the United States remains immune to any of the FAC's claims invoking the FTCA. Any such claims must be dismissed for lack of subject-matter

jurisdiction. *See F.D.I.C.*, 510 U.S. at 475.

    b. First Amendment Claim

It is not necessary for the Court to determine whether the First Amendment claim also faces sovereign immunity challenges, because its factual allegations do not give rise to a plausible claim. Defendant argues that the FAC fails to "explain how, why, when or where" the IRS violated Mr. Huynh's First Amendment right to free speech. (Doc. 15 at 14). But the claim is not that vague. The FAC alleges the IRS declined to enter into an installment agreement unless Mr. Huynh could show PT Noodles turned a profit. (Doc. 14 at ¶ 18). As a result, Mr. Huynh claims the IRS "forced" him to fabricate financial information. (*Id.* at ¶ 25). The claim is essentially one of compelled speech. *See United States v. United Foods, Inc.*, 533 U.S. 405, 410 (2001) (the First Amendment prohibits the government from compelling certain forms of speech).

The problem with the FAC is that its factual allegations do not support the legal conclusion that the Government compelled Mr. Huynh in violation of the First Amendment. To begin, the IRS generally has the discretion to accept or reject proposed installment agreements. *See* 26 U.S.C. § 6159; 26 C.F.R. § 301.6159-1. And the FAC certainly shows Mr. Huynh strongly preferred that the IRS use this discretion to accept his installment proposal. (Doc. 14 at ¶ 10). But the IRS declined because PT Noodles had "not demonstrated an ability to pay." (*Id.*) These allegations do not show the IRS compelled Mr. Huynh to lie. They simply show Mr. Huynh would have liked to provide favorable and honest financial information to the IRS, but ultimately could not. *Feeling pressured* to produce such information is different from being *compelled* to. *See United Foods*, 533 U.S. at 417 (holding that a company's legally required payments to fund government advertising was compelled speech). Ultimately, there is no plausible First Amendment claim. *See Twombly*, 550 U.S. at 555. Therefore, the Court must dismiss the FAC's First Amendment claim, and, as no other claims remain, the Court will dismiss the FAC in its entirety.

/ / /

### IV. Leave to Amend

In this Circuit, if "it is not 'absolutely clear' that [a plaintiff] could not cure [the complaint's] deficiencies by amendment," the Court will give him a chance to cure them. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted) (holding that a *pro se* litigant must be given leave to amend the complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

If Mr. Huynh believes he can amend his FAC to solve the deficiencies noted above, then he may file a motion to amend his FAC within thirty (30) days from the date of entry of this Order.[1] "A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1.

If he files a motion to amend, Mr. Huynh must explain how, if at all, he can amend the FAC to resolve the issues discussed in this Order. In addition, Mr. Huynh must clearly designate on the face of the attached amended pleading that it is the "Second Amended Complaint." Note that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Thus, if the Court grants leave to file a Second Amended Complaint, the Court will treat the FAC as if it does not exist. *Id.* at 925.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint (Doc. 14) is dismissed with leave to file a motion to amend pleadings within **thirty (30) days** of the date this Order is entered;

---

[1] Mr. Huynh may wish to review the District Court's Handbook for Self-Represented Litigants, available at: http://www.azd.uscourts.gov/handbook-self-represented-litigants.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a motion to amend pleadings within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 19th day of January, 2021.

Honorable Diane J. Humetewa
United States District Judge